IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| SHIELD OUR CONSTITUTIONAL RIGHTS AND JUSTICE, ET AL. | : |
| | : |
| | :   Civil Action No. DKC 2009-0151 |
| | : |
| RICHARD F. WILCHER | : |
| | : |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this action are: (1) Plaintiff Qihui Huang's motion for reconsideration (Paper 26), (2) Plaintiff's motions for extension of time and a partial temporary stay (Paper 32), and (3) Plaintiff's motion for sanctions (Paper 37).  No hearing is deemed necessary. Local Rule 105.6.  For the reasons that follow, Plaintiff's motions will be denied.

**I.   Background**

The background to this case may be found in the court's last memorandum opinion.  (Paper 24, at 1-6).  On October 26, 2009, the court issued a memorandum opinion and order dismissing the claims of Plaintiff Shield our Constitutional Rights and Justice for lack of standing and dismissing Plaintiff Huang's amended complaint for failure to state a claim.  (Papers 24 and 25).  Plaintiff Huang filed a motion for reconsideration on November 5, 2009 (Paper 26), motions for extension of time and a

partial temporary stay on November 30, 2009 (Paper 32), and a motion for sanctions on December 29, 2009 (Paper 37).  Defendant filed a motion for sanctions on November 16, 2009 (Paper 28) and a motion to withdraw its motion for sanctions on November 30, 3009 (Paper 33), which the court granted on December 1, 2009 (Paper 34).

## II.  Motion for Reconsideration

Plaintiff requests, pursuant to Fed.R.Civ.P. 60, that the court reconsider its October 26, 2009 memorandum opinion and order by: (1) providing citations to justify its decision that Defendant is entitled to immunity; (2) providing "legitimate and non-discriminatory reason [sic] for [the court's] disparately and adversely judged and treated [sic] the [P]laintiff Ms. Huang, based upon she was [sic] a foreign-born Asian American woman"; (3) explaining whether the court distorted facts in this suit or in other discrimination lawsuits; and (4) clarifying and providing statutes on Defendant's immunity.  (Paper 26, at 1). Defendant contends that it is unnecessary for the court to reconsider its memorandum opinion and order and that Plaintiff's "[m]otion is simply one more bad faith, nonsensical filing from the Plaintiffs and their counsel."  (Paper 27, at 3).

Under Rule 60(b), a party may obtain relief from a judgment or final order based upon

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b). Motions for reconsideration are "an extraordinary remedy which should be used sparingly." *Pacific Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998), *cert. denied*, 525 U.S. 1104 (1999).

Plaintiff's motion for reconsideration does not meet any of the grounds for reconsideration listed in Rule 60(b) and will be denied. To the extent that Plaintiff's motion is comprehensible, Plaintiff has not identified any intervening change in the law, newly developed evidence, or clear error of law or manifest injustice that would alter the court's October 26, 2009 opinion. Contrary to Plaintiff's assertions, the court made its determination that Plaintiff failed to state any claim by construing the facts in her favor and by testing the legal sufficiency of her claims. Therefore, the court will deny Plaintiff's motion.

### III. Motions for Extension of Time and a Partial Temporary Stay

Plaintiff asks the court to grant her "motion for extension of time" for her "to respond and file response, reply, and court documents" and for a "[m]otion for a partial temporary stay for Judge Chasanow's rulings **not** in Plaintiffs' favor, but do **not** **stay** for rulings in Plaintiffs' favors." (Paper 32, at 1)(emphasis in original). Plaintiff's motion is nonsensical and will be denied.

### IV. Motion for Sanctions

Plaintiff asks the court to award sanctions against Defendant and Defendant's attorneys. Plaintiff asserts that "Defendant and his attorneys intentionally violated F.R.C.P. Rule 11(b) and federal laws, evidenced by the facts of Defendant and his attorneys' malicious actions: **repetitions** of filing motions for sanctions." (Paper 35, at 2)(emphasis in original)(internal citations omitted). Plaintiff's motion is barely comprehensible, but Plaintiff appears to assert that Defendant, by "intentionally violat[ing] F.R.C.P. Rule 11," has discriminated against Plaintiff in violation of the United States Constitution and other federal statutes. Defendant

maintains that he has not violated Fed.R.Civ.P. 11.[1]   Defendant also notes that Plaintiff is not entitled to sanctions based on Defendant's motion for sanctions, because Defendant's motion for sanctions was withdrawn within the 21 day period provided in Rule 11(c)(2).

Fed.R.Civ.P. 11 authorizes the imposition of sanctions under certain circumstances.   Specifically, Rule 11(b) provides:

> By presenting to the court . . . a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,-
>
> (1)   it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2)   the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3)   the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

---

[1] Defendant was not required to respond to Plaintiff's motion because the court did not direct him to do so.   Local Rule 105.8(b).

> (4) the denials of factual contentions are
> warranted on the evidence or, if
> specifically so identified, are reasonably
> based on a lack of information or belief.

Fed.R.Civ.P. 11(b)(1)-(4).

Rule 11(c)(2) states:

> A motion for sanctions must be made
> separately from any other motion and must
> describe the specific conduct that allegedly
> violates Rule 11(b).   The motion must be
> served under Rule 5, but it must not be
> filed or be presented to the court if the
> challenged paper, claim, defense,
> contention, or denial is withdrawn within 21
> days after service or within another time
> the court sets.  If warranted, the court may
> award to the prevailing party the reasonable
> expenses, including attorney's fees,
> incurred for the motion.

Fed.R.Civ.P. 11(c)(2).

Plaintiff's assertions are without merit.   First,
Plaintiff's contention that Defendant discriminated against
Plaintiff by filing a motion for sanctions is entirely
unsupported by the facts of this litigation.   Defendant
correctly summarizes:

> At no time has the Defendant presented any
> argument or defense that was predicated upon
> action being taken against Huang for any
> reason other than a lack of legal or factual
> foundation to her claims.  Defendant did not
> bring the captioned suit.   He did not
> solicit the captioned suit.   Plaintiffs,
> furthering Huang's apparently ceaseless
> quest to perpetuate frivolous litigation,
> filed this suit.  Defendant merely defended
> against the allegations in the complaint as

they were legally and factually without merit. This is litigation, not discrimination.

(Paper 38, at 5). Second, Plaintiff's argument that the court should sanction Defendant for filing a motion for sanctions is incorrect. Plaintiff contends that Defendant's motion for sanctions violated Rule 11. Defendant filed his motion for sanctions on November 16, 2009, but filed a motion to withdraw his motion for sanctions on November 30, 2009. Plaintiff filed her motion for sanctions despite the instruction of Fed.R.Civ.P. 11(c) that a motion for sanctions "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn within 21 days after service or within another time the court sets." Thus, Defendant's motion for sanctions and subsequent withdrawal of that motion did *not* violate Rule 11, though Plaintiff's motion for sanctions may well violate Rule 11(c). Therefore, Plaintiff's motion for sanctions will be denied.

**V.    Conclusion**

For the foregoing reasons, Plaintiff's motion for reconsideration, motions for extension of time and a partial temporary stay, and motion for sanctions will be denied.    A separate Order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge